THE STATE v. JAMES E. BERGEN AND OTHERS.

1. The present road act does not require the surveyors to be taken from the *nearest* townships, to be appointed to view a road.

2. It is not *imperative* to appoint the surveyors of the townships in which the road is.

3. Reciting in the order that *regard was had* to the appointment of the surveyors of the township is sufficient, without assigning reasons for omitting them.

4. That the town clerk did not keep a copy of his oath of office, or that it does not appear on the oath of office where it was taken, or that the officer was a justice, provided these appear aliunde, does not disqualify a surveyor.

5. It is no objection to the return that the surveyors were entertained by the applicants. But it is *improper* to pay them more than one dollar per day. If this would make void their return. Quere?

6. Where the object of the application is to *alter* an old road by vacating part of it, and laying out another instead of the part vacated, there should be but one application and return.

---

On *Certiorari* in matter of road. Argued January Term, 1848, before WHITEHEAD and RANDOLPH, JJ.

*Wm. Thompson,* for plaintiff.

*P. D. Vroom,* for defendants.

Opinion of the court delivered by

WHITEHEAD, J. The two first reasons assigned for setting aside the proceedings of the surveyors are, that the court of Common Pleas did not appoint the surveyors from the township where the road was proposed to be laid out, or the surveyors from the nearest townships.

The proposed road was in the township of Hillsborough in the county of Somerset, and the court appointed the surveyors of the townships of Montgomery, Branchburg, and Bedminster, in the said county. It is admitted that Bedminster is not one of the townships nearest to Hillsborough. The act is not imperative requiring the court to appoint the surveyors of the townships where the road is applied for. Nor does it require. the surveyors from the nearest townships to be appointed, as under the old act upon which the decision in *Coxe* 55 is based. The present act (*Rev. Stat.* 515) provides for the appointment by the court of six of the surveyors of the highways of the county, " *ever having regard to the appointment of the surveyors of the highways of those townships where the road shall be applied for to be laid out, vacated, or altered.*" In the appointment of the surveyors in this case, the court certify that they had regard to the appointment of surveyors duly qualified and lawfully sworn into office, and to the appointment of the surveyors of the township where the said road is applied for, &c.

This court has recently decided that this is sufficient, without assigning particularly the reasons why the surveyors of the townships where the road is applied for were passed by.

Another reason assigned for setting aside the return is, that the clerks of the respective townships did not retain copies of the original oaths of the surveyors before they were transmitted to the clerk of the court of Common Pleas. This, if true, in fact constitutes no valid objection against the proceedings. The act in this respect is merely directory.

Another objection taken to this proceeding is, that it does not appear when the oaths of the surveyors were taken, or that the persons before whom they purport to be taken, were justices of the peace living in or near the townships where they were appointed. *Rev. Stat.* 1025. I find among the papers an admission under the hands of the attorneys in the cause, *that the several persons before whom the oaths of the surveyors of the highways were taken, were justices living in the respective townships at the time the oaths were taken.* Although it does not appear upon the face of the papers that the persons before whom the oaths were taken were Justices of the Peace living in the county, it is competent to make out the fact by proof *aliunde.* *State* v. *Green*, 3 *Green Rep.* 88. The admission of the counsel removes all difficulty from this part of the case.

Another objection relied upon is, that one of the applicants entertained the surveyors at his house on the day the road was laid, with meat and drink free of charge. The surveyors met at the house of Mr. Staats, one of the applicants by the direction of the court, and on the day the road was laid, dined together at his house. I see no objection to a person at whose house the surveyors are directed to meet, affording them reasonable entertainment.

The evidence shows that the surveyors received from the applicants $2 per day, each, for their services, and this was urged as a reason for setting aside their return. The law fixes the amount to be paid surveyors for their services at $1 per day, and it is manifestly improper for the applicants for a road to tender to the surveyors, or for the surveyors to receive, more for their services than the fees prescribed by the statute.

Whether this would be a fatal objection to their proceedings it is not necessary for the court now to determine, as it is not among the reasons assigned for setting aside the proceedings.

Another exception is, that the petition was for the appointment of surveyors to lay out one road and vacate another, and that both were embraced in the same return.

In the case of *The State* v. *Green*, 3 *Harr*. 182, the court intimated a doubt of the propriety of this mode of proceeding. It is, however, in accordance with the usual practice in such cases, and it seems to be necessary and proper in a case like the one before the court. The application was to vacate so much of an old road as was covered by the new road proposed to be laid out. It was proper that the two should be blended, for the reason that if the road should be laid out as applied for, the old road must necessarily be vacated. There should not be separate returns in such a case. For the return of the surveyors laying out the road might be set aside for some irregularity in their proceedings, and their other separate return vacating the old road be confirmed. Such a proceeding would be embarrassing, and might work inconvenience to the public. There should be but one return in such a case, in order that if set aside as to one, it would be as to both.

It is not necessary in this case for the court to express an opinion upon the propriety of the practice of blending in the same petition an application to lay out and vacate distinct and independent roads.

The other exceptions taken to the proceedings of the court and surveyors, are either not embraced by the reasons filed, or are not sustained in fact.

Proceedings affirmed.

CITED *in State* v. *Oliver*, 4 *Zab*. 132; *State* v. *Justice*, 4 *Zab*. 418; *Parsell* v. *State*, 1 *Vr*. 547; *State* v. *White*, 6 *Vr*. 204; *State* v. *Reckless*, 9 *Vr*. 396.